UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL PETER FAHEY,<br><br>　　　　　Petitioner,<br>　v.<br>ROBERT LAGRAND.*et al.*,<br><br>　　　　　Respondents. | Case No. 3:14-cv-00132-MMD-VPC<br><br>ORDER |

　　　　Petitioner has paid the filing fee.  The Court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the Court should not dismiss this action as untimely.

　　　　Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty (30) days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler,* 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace*, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (*quoting Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook,* 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, petitioner was convicted, pursuant to a plea agreement, of attempted lewdness with a child under the age of fourteen (14).[1] The state district court

---

[1] Petitioner alleges incorrectly that he pleaded not guilty.

entered its judgment of conviction on July 22, 2010. Petitioner did not appeal. The time to file a notice of appeal expired on August 23, 2010, because otherwise it would have expired on a Saturday, and petitioner's judgment of conviction became final on that date.

On August 3, 2010, petitioner filed in the state district court a motion to reconsider his sentence. The state district court denied the motion on September 21, 2010. The denial of this motion was not a decision that petitioner could have appealed. *See Castillo v. State*, 792 P.2d 1133, 1135 (Nev. 1990). The Court will assume for the purposes of this order that the motion to reconsider petitioner's sentence was a properly-filed state petition for post-conviction relief which tolled the one-year period of limitation under 28 U.S.C. § 2244(d)(2). Because the judgment of conviction had not become final when petitioner filed this motion, the one-year period was tolled immediately upon finality of the judgment. The one-year period began to run after the denial of the motion on September 21, 2010.

Petitioner filed nothing in the state courts in the next year, and the one-year period of § 2244(d)(1) expired after September 21, 2011.

Petitioner did file a motion to withdraw the guilty plea and a post-conviction habeas corpus petition in state district court after the period of limitation expired. The court takes judicial notice of *Fahey v. State*, No. 63262,[2] and *Fahey v. State*, No. 64501.[3] Petitioner filed the motion to withdraw the guilty plea on April 17, 2013, and he filed the post-conviction habeas corpus petition on April 24, 2013. Ultimately, the Nevada Supreme Court determined that the plea-withdrawal motion was barred by laches and that the habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1). The motion and the petition do not toll the federal period of limitation for two reasons. First, the federal period of limitation already had expired, and there was no

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31445 (report generated August 20, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32688 (report generated August 20, 2014).

time left to toll. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Second, both the plea-withdrawal motion and the habeas corpus petition were untimely, and thus ineligible for tolling under 28 U.S.C. § 2244(d)(2). *See Pace,* 544 U.S. at 417.

On March 4, 2014, the Court received a document titled "Traverse" from petitioner, and it was filed in another action, Case No. 3:14-cv-00119-MMD-WGC. The Court dismissed the action because petitioner neither paid the filing fee nor applied for leave to proceed *in forma pauperis*. This other action has no effect upon the running of the period of limitation for two reasons. First, as with the state post-conviction matters, the period of limitation already had run out, and there was no time left to toll. Second, a prior federal post-conviction petition is ineligible for tolling under § 2244(d)(2). *Walker*, 533 U.S. at 181-82.

On its face, the petition is untimely. Petitioner needs to show cause why the Court should not dismiss this action.

Petitioner has submitted two motions for appointment of counsel (dkt. nos. 4, 6). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt,* 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

It is therefore ordered that the motions for appointment of counsel (dkt. nos. 4, 6) are denied.

It is further ordered that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the Clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED THIS 22nd day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE