UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL PETER FAHEY, | Case No. 3:14-cv-00132-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LAGRAND.*et al.*, | |
| Respondents. | |

The Court directed petitioner to show cause why this action should not be dismissed because it was untimely. (Dkt. no. 7.) Petitioner has filed a response. (Dkt. no. 10.) The Court is not persuaded, and the Court dismisses the action.

Petitioner presents six arguments why the Court should not dismiss the action. The Court will address those arguments out of the order in which petitioner has presented them. First, he argues that the Court should not dismiss the action without appointing counsel. The Court has determined that appointment of counsel was not warranted. (Dkt. no. 7.) As the following discussion will show, even taking petitioner's other arguments into account, appointment of counsel still is not warranted. Second, petitioner argues that laches is not an affirmative defense. The argument is both incorrect and inapplicable. "Laches, an equitable defense, is distinct from the statute of limitations, a creature of law." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Laches is not an issue in this action. The statute of limitations, 28 U.S.C. § 2244(d)(1), is an issue in this action. As the Court has explained in its earlier order (dkt. no. 7), the statute of limitations is an affirmative defense that the Court

can raise on its own motion, giving petitioner the opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

Third, petitioner argues that he is actually innocent. Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Petitioner was convicted of lewdness with a child under the age of 14. He argues that he is actually innocent because the child gave consent to the lewd acts. Nevada law defines the crime as follows:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.

NRS § 201.230(1). Nothing in the statute indicates that a lack of consent is a necessary element to the crime. Furthermore, the Nevada Supreme Court has stated that consent is not a defense to the crime of lewdness with a child under the age of 14. *See State v. Koseck*, 936 P.2d 836, 838 (Nev. 1997) ("In case the state fails to prove that sexual penetration occurred against the victim's will or beyond her ability to resist or understand, it seeks to prove lewdness, which is a felony even if the sex was consensual."). Consequently, even if there was consent on the part of the child, petitioner still would not be actually innocent of the crime.

The remaining three arguments are unpersuasive attempts to establish that equitable tolling is warranted. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner's three arguments in support of equitable tolling are:  first, petitioner argues that the evidence against him was not overwhelming; second, petitioner argues that if he had appeared in court on the original sentencing date, then the judge would have been lenient with the sentence; and third, petitioner argues that the state court

failed to inform him both of his right to withdraw his plea under Rule 11 of the Federal Rules of Criminal Procedure and of his right to a direct appeal. Of all these arguments, only the one regarding a direct appeal has any relevance to equitable tolling. If petitioner did not know that he had a right to a direct appeal, then necessarily he knew that no appeal was pending in the Nevada Supreme Court. Additionally, petitioner knew that there was other post-conviction litigation pending immediately after entry of the judgment of conviction. As the Court noted in its previous order, petitioner filed a motion to reconsider the sentence after the entry of the judgment of conviction but before that judgment became final. Consequently, even if petitioner was not informed of his right to a direct appeal, it was not an extraordinary circumstance that prevented him from pursuing a federal habeas corpus petition. The rest of these arguments do not indicate any extraordinary circumstances that prevented petitioner from filing a timely habeas corpus petition, and, furthermore, Federal Rule 11 is inapplicable in state-court criminal prosecutions.

Petitioner also has not shown any diligence in pursuing his rights. As the Court noted in its previous order, his motion to reconsider the sentence was denied on September 21, 2010. Petitioner filed nothing in any court until April 17, 2013, more than two and a half years later, and more than one and a half years after the statute of limitations of 28 U.S.C. § 2244(d)(1) had expired. Petitioner has not explained how he was being diligent, and the Court concludes, based upon the large gap of time, that petitioner was not being diligent.

Reasonable jurists would not find these determinations to be debatable or wrong, and the Court will not issue a certificate of appealability.

Petitioner has filed a motion for leave to amend. (Dkt. no. 11.) The motion does not comply with Local Rule 15-1, which requires petitioner to attach his proposed amended petition to the motion. The Court also concludes that granting this motion is not in the interests of justice. Petitioner asks to add a ground that his plea of guilty was not an intelligent choice because he was unaware of the consequences of the special

sentence of lifetime supervision that would commence upon his release from prison. This proposed ground would be as untimely as the rest of the petition, and it would have no effect upon the Court's determinations regarding actual innocence and equitable tolling discussed above.

Petitioner has filed another motion for appointment of counsel. (Dkt. no. 13.) Nothing in the motion, or in petitioner's response to the order to show cause (dkt. no. 10), causes this Court to depart from its denial of petitioner's earlier motions for appointment of counsel.

It is therefore ordered that petitioner's motion for leave to amend (dkt. no. 11) is denied.

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 13) is denied.

It is further ordered that this action is dismissed with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 15th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE